*In re* TIMES PUBLISHING CO.

1. COURTS — POWER OVER RECORDS AND PUBLICITY — FREEDOM OF SPEECH AND PRESS.

    Power of court over its records and the publicity thereof until service of process or judicial action cannot be extended to curtailment of freedom of speech or of the press upon information *aliunde* records suppressed.

2. CONTEMPT—SUPPRESSED COURT RECORDS—PUBLICATION.

    Reporters and newspaper publisher *held*, not guilty of contempt for publishing contents of bill of complaint and temporary injunction in a case in which court had suppressed such papers and, by sealing them in an envelope, prevented public access thereto, where defendants had obtained full information relative thereto from an undisclosed source and published the same.

Appeal from Genesee; Gilbert (Parm C.), J., presiding. Submitted June 10, 1936. (Docket No. 32, Calendar No. 37,420.) Decided June 16, 1936.

· In the matter of contempt proceeding against the Times Publishing Company, a corporation, Mace E. Crittenden, James Hammond, A. E. Dale, John Manning, Wisler G. Zeamer, Melvin Mountjoy and Walter Scott. Dismissed as to defendants Crittenden, Hammond and Dale. All other defendants review adjudication holding them guilty of contempt by appeal in the nature of certiorari. Reversed.

*Butzel, Levin & Winston* (*Isadore Levin* and *Chris M. Youngjohn*, of counsel), for appellants.

*Clifford A. Bishop, amicus curiæ.*

WIEST, J. A bill of complaint was filed in the circuit court for the county of Genesee, in chancery; a

temporary injunction issued and the papers suppressed by order of the circuit judge and, to that end, sealed in an envelope with public access thereto prevented. In some manner, not disclosed, reporters of defendant Times Publishing Company obtained full information relative to the allegations in the bill and published the same. Upon citation and hearing defendants were adjudged guilty of contempt of court in so publishing the suppressed matter and, by appeal, prosecute review.

The silence imposed did not and could not extend beyond the secrecy ordered. That secrecy remained unbroken by defendants. No silence upon the right of free speech or freedom of the press was or could be imposed if the subject-matter was obtained from any source outside of the court records. To hold otherwise would violate rights guaranteed to a free people.

It may be held that the court had control over its records and the publicity thereof until service of process or judicial action, although this should be sparingly exercised and only to ends commensurate with justifiable needs, but this power cannot be extended to curtailment of free speech or of the press upon information *aliunde* the records suppressed.

The case does not call for a dissertation upon the freedom of the press, and we decline to "carry coals to Newcastle."

Upon the record before us defendants were not guilty of contempt of court, and the adjudication is reversed and they are freed therefrom.

NORTH, C. J., and FEAD, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. BUTZEL and POTTER, JJ., did not sit.